## NIELSEN v. MERCHANTS' MUT. INS. ASSN.

On appeal the recitals of a judgment must be taken as a true statement of the facts as they existed when it was rendered.

Where, after a case was called for trial and a jury secured, a demurrer to certain defenses was sustained, and defendant thereupon announced its waiver of all the other defenses and its election to stand upon the defenses held by the court insufficient in law, its action was equivalent to a statement that if the demurrer, in so far as sustained, was good, plaintiff was entitled to recover, and was an admission that there was no issue for a jury, and judgment could properly be rendered for plaintiff.

Laws 1905, c. 126, § 2, prescribes a standard form of fire insurance policy, and provides penalties and regulations pertaining thereto. Laws 1907, c. 170, § 1, amended the previous statute by providing that, where a company incorporated under the South Dakota laws as a mutual insurance company has special regulations, lawfully applicable to its organization, membership, policies, or contracts of insurance, such regulations and its by-laws shall apply to and form a part of the policy, providing they are indorsed on or attached to such policy or contract of insurance so as to form a part thereof. **Held,** that it was not the legislative intent that a home mutual insurance company by merely designating some regulations adopted by it as "special" could overthrow the provisions of law otherwise binding upon all insurance companies, but that such special regulations should be limited to those lawful regulations in relation to the organization, membership, or policies of mutual companies, which are special or peculiar to such mutual organizations, and the acts does not authorize such a company to attach to the prescribed standard policy the so-called "iron-safe clause" or the "standard percentage valuation clause"; neither being a regulation specially applicable to mutual companies.

(Opinion filed November 16, 1910.)

Appeal from Circuit Court, Spink County. Hon. ALVA E. TAYLOR, Judge.

Action by Peter Nielson against the Merchants' Mutual Insurance Association. From a judgment for plaintiff and an order sustaining a demurrer to certain defenses, defendant appeals. Affirmed.

*Sterling & Clark,* for appellant.    *Wm. Issenhuth,* for respondent.

WHITING, P. J. This action was brought to recover on two certain policies of insurance issued to the plaintiff by the defendant corporation.   The complaint is in the usual form, and sets forth the fact that said defendant is a mutual insurance company, organized under the laws of this state; that the plaintiff was the owner of certain personal property situate in this state; that in February, 1908, such defendant issued its two policies of insurance upon such property, copies of which are attached and made a part of the complaint; that the property described in the policies was destroyed by fire during the life of such policies; that plaintiff's loss thereunder exceeded the amount covered by such policies; that plaintiff made due proof of loss; and that defendant has failed and refused to pay the amount due under such policies, to-wit, $1,500; and judgment was demanded for such amount. The policies in question are in accordance with the standard form provided for by chapter 126 of the Session Laws of the year 1905, except that certain additional paragraphs were inserted therein and there was attached to each of said policies a "rider" designated as the "iron-safe clause."   Printed on the back of said policies, and forming a part thereof, were copies of certain by-laws of said corporation.   To this complaint the defendant interposed an answer, alleging five separate and distinct defenses, the first four of which were in the nature of pleas in confession and avoidance, the fifth being in substance a general denial.   The plaintiff demurred to the whole of said answer, and each part thereof.   Such demurrer was sustained as to the second and third defenses pleaded, but overruled as to the remainder of the answer.

The record shows that, immediately after the oral announcement of the court upon the demurrer, the court, over the objection of the defendant, rendered the following judgment: "This action being duly brought on for trial at this, the regular May term of the circuit court within and for said county of Spink, on this, the 2d day of June, A. D. 1909, before the Honorable Alva E. Taylor, the presiding judge of said court, and a jury having been secured,

and the demurrer interposed by said plaintiff to the amended answer of said defendant, and the court having sustained said demurrer as to two of the defenses set forth by said defendant, and said defendant having elected to stand upon said two defenses and waiving all others, and having given oral notice in open court of its intent to appeal to the Supreme Court from the order of this court sustaining said demurrer in part, and all of said matters being of record in said action, now on motion of Wm. Issenhuth, the attorney for said plaintiff, demanding that said ·plaintiff have judgment against said defendant (or that said cause proceed and trial be had upon the remaining issues) : It is considered and adjudged by the court. * * * Done in open court this 2d day of June, A. D. 1909. By the Court, Alva E. Taylor, Judge." The record is entirely silent as to upon what ground, if any, defendant objected to the rendition of judgment. From the above judgment and the order sustaining the demurrer to the said second and third answers, the defendant appeals to this court, and assigns the rulings on such demurrer and the rendition of such judgment as error. The assignments, so far as they relate to the rendition of the judgment, are in words as follows: "The court erred in rendering judgment in favor of the plaintiff and against the defendant."

There is certainly no merit in appellant's contention that the court erred in rendering judgment. The allegations of such judgment must be taken as a true statement of the facts as they existed when such judgment was rendered. It thus appears that this cause was called for trial and a jury secured when the demurrer was interposed; that, upon the sustaining of such demurrer to the two defenses, the said defendant announced its waiver of all the other defenses, and of its election to stand upon the two defenses held by the court insufficient in law. This was the equivalent of defendant's stating to the trial court that, if the demurrer to the second and third defenses was good, the plaintiff was entitled to recover in accordance with the prayer of his complaint. There was left, therefore, no issue to submit to a jury; and the only question before the court was whether or not it should stay the

entry of judgment until the determination of the appeal from its ruling on the demurrer. Appellant in its brief complains that the cause was not submitted to the jury, that no testimony was given, no verdict rendered, and no findings made, and asks, "What is there to support the judgment?" What we have said above answers these complaints and question. The waiver of the defendant was an admission that there was no issue for a jury. If appellant did not desire to concede that it had no other defenses it relied upon—excepting those to which the demurrer was sustained—all it needed to have done was to have allowed the case to stand on the issues as made by the remaining defenses pleaded, and the court would have been compelled to have proceeded with the trial of the cause or continued same.

Defendant, as its second defense, set forth the provision of the "iron-safe clause" attached to the policies sued on, which clause provided that the assured should take an inventory of the property covered by the insurance at least once a year, and that he should keep books of account correctly detailing all purchases and sales of said stock, and keep such inventory and books in a fireproof safe. Defendant alleged that it was one of its special regulations that no policies of insurance should be issued on stocks of merchandise or goods, or fixtures, without incorporating the above-mentioned clause therein, and alleged further that such regulation is lawfully applicable to its organization and its policies of insurance. Defendant further alleged the failure of assured to comply with the provisions of such clause. Defendant, as its second defense, set forth a paragraph of the policies sued upon, and which paragraph is not found in the standard form of policy provided for by said chapter 126, Laws 1905, supra, said paragraph being designated as "standard percentage valuation clause," and which provides that if, at time of fire, the whole amount of the insurance on the property covered shall exceed 75 per cent. of the actual cash value thereof, the company, in case of loss, should not be liable to pay more than its pro rata share of the said 75 per cent. of the actual cash value of the property. Defendant alleged that such clause was lawfully applicable to its policies of insur-

ance; that the whole amount of insurance did, at time of loss, exceed 75 per cent. of the cash value of the property insured; and that defendant corporation, under such clause, was not liable for a greater sum than $350 under both policies.

Appellant claims these provisions of the policies to be valid under the provisions of chapter 170, Sess. Laws 1907, reading as follows: "Section 1. That section 2 of chapter 126, of the Session Laws of 1905, prescribing a standard form of fire insurance policy, and providing penalties and regulations pertaining thereto, be and the same is hereby amended, by adding thereto the following: 'Any company incorporated under the laws of South Dakota, as a mutual insurance company, or association, having special regulations lawfully applicable to its organization, membership, policies or contracts of insurance, such regulations and its by-laws shall apply to and form a part of the policy. Providing the same are indorsed on or attached to such policies or contracts of insurance so as to form a part thereof.' "

Respondent contends that the 1907 amendment is unconstitutional; at least so if it must be construed so as to give mutual insurance companies organized within this state privileges which are not granted other mutual companies that are permitted to do business within this state. Under the view we take of the meaning of the 1907 amendment, it becomes unnecessary for us to consider the question of the constitutionality of such law. It will be noticed that the clauses under consideration are not parts of the "by-laws" of defendant company, so no question, as to whether a by-law inconsistent with or in conflict with the terms of a standard policy can affect such policy, need be determined. These clauses are alleged to be "special regulations," and it is appellant's contention that as such "special regulations" they are rendered effective by said 1907 law, supra. We think appellant has entirely misconstrued the effect of the word "special" as used in such law. It was not the intent of the Legislature that a home mutual insurance company by merely designating some regulations adopted by it as "special" could overthrow the provision of law otherwise binding upon all insurance companies, but the

Legislature recognizing that mutual companies, because of their mutuality, must of necessity have regulations pertaining to their organization, membership, policies, etc., peculiar to such mutual companies, yet entirely consistent with the provisions of such standard policies as prescribed by the 1905 law—which regulations should be binding upon the members of such company if brought to their actual notice—and recognizing that under the 1907 law such regulations could not be inserted in the policies, that, in fact, it would be a misdemeanor to so insert them, and desiring to remedy such defect in the 1905 law, enacted the amendment. It seems clear to us that it was the intent to limit such regulations to those lawful regulations in relation to the organization, membership, or policies of mutual companies, which are special or peculiar to such mutual organization, to such regulations as are specially "applicable to its [a mutual company as distinguished from others] organization," etc. To give to the 1907 law the meaning and effect claimed by appellant, and hold it constitutional, would be the equivalent of adding to the 1905 law a clause: "Providing that no part of the foregoing law shall in any manner be binding upon a mutual insurance company incorporated under the laws of South Dakota."

The so-called "iron-safe clause" or "standard percentage valuation clause" are neither of them in any sense a regulation specially applicable to mutual companies, and such clauses are invalid under the express provisions of the 1905 law. The trial court therefore committed no error in sustaining the demurrer to the defenses based upon such clauses.

Respondent, in his brief, urges that this "is a proper case for this court to add the additional penalty permitted by law when an appeal is taken evidently for such purpose [of delay] only." It is not clear to us that such was the apparent purpose on the part of appellant.

The judgment of the trial court and order sustaining the demurrer are affirmed.